Daniel S. Szalkiewicz, Esq. (DS2323)
VERIDIAN LEGAL P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Attorneys for the Plaintiffs

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| D.F., P.F., individually, and as parents of H.F., and H.F., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>AROOSH PATEL, BHAWAR PATEL, and MITTAL PATEL<br><br>Defendants. | Case No. 25-cv-18932 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO PROCEED UNDER PSEUDONYM**

# Table of Contents

**TABLE OF AUTHORITIES**..................................................................................3

**PRELIMINARY STATEMENT**...........................................................................4

**FACTUAL BACKGROUND** ................................................................................6

**ARGUMENT** ..........................................................................................................8
    A.    The Ten-Factor Sealed Plaintiff Balancing Test......................................9
    B.    H.F.'s Protections Eviscerated if Parents Not Also Permitted to Proceed Pseudonymously ...................................................................................12

**CONCLUSION**....................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

J.W. v. District of Columbia, 318 F.R.D. 196, 199 (D.D.C. 2016) ..........................12

K.I. v Tyagi, 2024 US Dist LEXIS 15693, at *1 [D Md Jan. 30, 2024, No. 1:23-cv-02383-JRR]) ..........................................................................................................9

S.C. v. Lansing Unified Sch. Dist. #469, No. 18-2228-DDC-JPO, 2019 U.S. Dist. LEXIS 47858, at *4 (D. Kan. Mar. 22, 2019) .......................................................14

S.S. v Collins, 2023 US Dist LEXIS 128451, at *1 (DNJ July 24, 2023, Civil Action No. 23-00892-KMW-AMD]) ....................................................................9

Sealed Plaintiff v Sealed Defendant #1, 537 F3d 185, 189 [2d Cir 2008] ................9

Va. State Conference NAACP v. Cty. Sch. Bd. of Shenandoah Cty., No. 5:24-cv-040, 2025 LX 108631, at *6 (W.D. Va. Jan. 22, 2025) .......................................13


**Statutes**

15 U.S.C. § 6851 .........................................................................................................8

15 U.S.C. § 6851(b)(3)(B) .........................................................................................9

Federal Rule of Civil Procedure ("FRCP") 10(a) .....................................................9

Plaintiffs H.F., P.F., and D.F. ("Plaintiffs"), by and through their attorneys, VERIDIAN LEGAL P.C. respectfully submit this memorandum of law in support of their application for leave for P.F. and D.F. to proceed under a pseudonym in this matter.

## PRELIMINARY STATEMENT

Plaintiff H.F. ("H.F.") is currently sixteen years old[1]. Plaintiff P.F. ("P.F.") is H.F.'s mother and plaintiff D.F. ("D.F." and, together with P.F. "H.F.'s Parents") is H.F.'s father. The three live in county of approximately 130,000 people and share a moderate to uncommon surname.

H.F. is a victim of a sextortion scheme concocted and effectuated by defendant Aroosh Patel ("Aroosh"), an older boy from his high school who posed as a teenage girl to induce fellow male students to send him intimate images and/or videos only to later blackmail those students with threats of widespread dissemination if the intimate images and/or videos stopped coming. When H.F. refused to continue sending such content, Aroosh followed through on his threats, broadly distributing H.F.'s pictures throughout the school. Though Aroosh sextorted no fewer than five other boys at H.F.'s school, H.F. was the only one to file a police report.

---

[1] As a minor, Plaintiff may proceed using his initials without seeking leave of court.

The reason why so many others remained silent likely overlaps with the reasons why P.F. and D.F. so desperately desire to proceed using a pseudonym: a deep and well-founded fear that they and their children would be become forever linked to the nefarious misdeeds of a bad actor and that their children's naked images would be seen by even more people in the pursuit of justice.  As made clear in the Complaint as well as H.F.'s Parents' Certifications, this family has been devastated by Aroosh and, after more than one year, their dynamics remain changed, forever impacted by Aroosh's decision to prey on the hormones and insecurities of young boys for his own selfish ends.  H.F. and his family live in a small town and attend a small, approximately 400-student school.  Forcing P.F. and D.F. to use their names would, in effect, "out" their son as H.F., eviscerating the intended protections of F.R.C.P. 5.2 (3).

The stigma and severe harm that H.F. would face as a result of the public disclosure of his identity in conjunction with the traumatic and humiliating circumstances of the harassment require that Plaintiffs be permitted to proceed anonymously.  Worse yet, if H.F.'s Parents are required to reveal their names, Aroosh would be able to continue to publicly harass H.F., compounding the harm he and his family have already felt.  Given the resulting lack of prejudice to Defendants, this Court should grant Plaintiff's motion.

## **FACTUAL BACKGROUND**

H.F. fell victim to Aroosh in Summer of 2024 when H.F. was just fifteen years old.  H.F. was just one of many minor victims Aroosh catfished that summer.  After enduring Aroosh's abuse for approximately five weeks and dutifully sending the intimate content on demand, H.F. broke down about the situation in which he found himself trapped.

Now cut off from additional intimate content, Aroosh began threatening to "leak" H.F.'s images and videos online.  When Plaintiffs alerted Aroosh that H.F. had involved his parents and that further threats would force them to contact police and the school, Aroosh called their bluff, creating a Snapchat account entitled "Add For [H.F.'s true name] Noodles" on which he posted a countdown to the leak.  Soon thereafter, Aroosh followed through on his threats, sending H.F.'s intimate content to no fewer than 50 of his classmates, among others in the relatively small private school.

Though Plaintiffs were not aware of Aroosh's true identity as he engaged in this behavior while impersonating young girls named "Ally" and "Lexi[,]" Plaintiffs reported what had happened to their local police station.  Eventually, police determined the individual behind all the tormenting: Aroosh Patel.  Police seized Aroosh's devices and subsequently charged him with endangering the welfare of a child by distributing child pornography; possessing child

6

pornography; sexual extortion; and cyber harassment.  Ultimately, on February 21, 2025, Aroosh accepted a plea deal whereby he was placed on probation for eighteen months, not allowed to possess weapons, and prohibited from contacting H.F. or his family.  Other conditions of the probation involved community service, providing a DNA sample, submitting to substance abuse testing, and writing a "200 word apology letter to H.F." and a "1000 word essay on the dangers of extorting people online[.]"  Aroosh admitted what he had done to H.F. "and [H.F.'s] friends" in the apology letter, justifying his actions as being the result of a "similar experience" happening to him.  Though H.F. came to learn that no fewer than five other boys had been victimized by Aroosh, he was the only one to come forward about the abuse.

Knowing that more than half his class has seen his intimate parts and has some understanding – or thinks they do – of what happened, has forever shaped H.F.'s high school experience.  Potential romantic relationships and platonic relationships alike are tainted, as H.F. cannot help but wonder whether they have seen the content and are making assumptions about him based on what they saw or heard.  At home, H.F.'s siblings have been impacted by changes to their family's restrictions of technology understandably spurred by H.F.'s unfortunate run in with Aroosh.  H.F.'s sister's friends have also received H.F.'s intimate images, placing her in the unfortunate position of fielding inquiries about this salacious scandal

which has so grievously injured her family.

Over the course of the past year and a half, P.F. and D.F. have had to manage H.F.'s pain, embarrassment, and frustration in all the ways that it has manifested itself. H.F.'s Parents have effectively clipped their children's wings, feeling the need to limit the freedoms their otherwise would have experienced had Aroosh not demonstrated for all to see how truly evil another individual can be. Not only have these changes created hostility among siblings which otherwise would not have existed, but they have also created additional responsibility for H.F.'s Parents, who must manage the fights and hurt feelings. The incident has further made H.F. prone to outbursts of anger and frustration – issues he never previously had – resulting in a need to speak with a therapist; sometimes, H.F.'s Parents join him there.

Despite the emotional turmoil they have been facing and due to a desire to preserve H.F.'s reputation and standing in the eyes of their community, friends, and family, P.F., D.F., and H.F. have kept the facts of this lawsuit a secret from those closest to them.

## ARGUMENT

Initially, Plaintiff brings this action under 15 U.S.C. § 6851. The federal statute specifically allows for a plaintiff to proceed anonymously. Specifically, 15

U.S.C. § 6851(b)(3)(B) states "[i]n ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." Subparagraph (A) of the statute permits a court to issue a temporary restraining order to restrict the distribution of intimate media.

Since their enactment 15 U.S.C. § 6851, numerous federal courts have permitted Plaintiff to proceed under similar circumstances using their initials. See S.S. v Collins, 2023 US Dist LEXIS 128451, at *1 (DNJ July 24, 2023, Civil Action No. 23-00892-KMW-AMD]); see also K.I. v Tyagi, 2024 US Dist LEXIS 15693, at *1 [D Md Jan. 30, 2024, No. 1:23-cv-02383-JRR]).

### A. The Ten-Factor Sealed Plaintiff Balancing Test

Likewise, while Federal Rule of Civil Procedure ("FRCP") 10(a) generally requires parties to a lawsuit to expressly identify themselves in their respective pleadings, New York courts "have nevertheless 'carved out a limited number of exceptions to the general requirement of disclosure [of the names of the parties], which permit plaintiffs to proceed anonymously" (Sealed Plaintiff v Sealed Defendant #1, 537 F3d 185, 189 [2d Cir 2008]). In Sealed Plaintiff, the Second Court of Appeals endorsed the Ninth Circuit's balancing test, specifically stating that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs (1) prejudice to the opposing party and (2) the public's interest in knowing the party's identity." (Id.).

9

The Second Circuit Court of Appeals further elaborated that "several factors" should be considered, including the following "non-exhaustive" list:

> 1. whether the litigation involves matters that are 'highly sensitive and of a personal nature[;]'
> 2. whether identification poses a risk of retaliatory physical or mental harm to the…party [seeking to proceed anonymously] or even more critically, to innocent non-parties
> 3. whether identification presents other harms and the likely severity of those harms…including whether 'the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity,'
> 4. whether the plaintiff is particularly vulnerable to the possible harms of disclosure… particularly in light of his age…
> 5. whether the suit is challenging the actions of the government or that of private parties,
> 6. whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court…
> 7. whether the plaintiff's identity has thus far been kept confidential…
> 8. whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity…
> 9. 'whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities,'; and
> 10. whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.
>
> (Id. at 190, citations omitted).

There can be no doubt that these factors weigh in favor of allowing H.F.'s Parents to proceed using their initials.

First, this litigation involves intimate imagery of H.F. captured while he was just fifteen years old and in the midst of being extorted by an older boy

10

impersonating a teenage girl. H.F.'s intimate parts are visible in the images and videos. The images are highly sensitive and personal in nature. Second, further dissemination of the content – which Aroosh has already undertaken without H.F.'s permission or consent – and public linking of H.F.'s Parents' names to the facts of this case poses a mental harm to H.F. and his family and is needlessly revictimizing. Third, Aroosh's modus operandi was to collect graphic content from H.F. and then, if H.F. stopped sending the content, punish H.F. through widespread dissemination of that content to his friends and the general public online. Should H.F.'s Parents be forced to proceed using their true names, this Court will only be assisting Aroosh in punishing H.F. for finally standing up to Aroosh, rejecting his extortionate demands, and going to authorities. Fourth, H.F. is currently underage. While H.F.'s Parents are not underage, identifying them will, in effect, identify H.F. as the parties share an uncommon last name and both H.F.'s parents have relatively uncommon first names. As P.F. is involved in H.F.'s school's parents' organization, the small school community is well aware of P.F. and her identity as H.F.'s mother. Fifth, the suit is challenging the private actions of Defendants and has no relation to government action. Sixth, Defendants are aware of Plaintiffs' true identities as Aroosh attended H.F.'s school, used H.F.'s full name on his Snapchat leak account, and attempted to share H.F.'s intimate content with H.F.'s sister using that account. Seventh, this litigation was

11

commenced by Plaintiffs using their initials. To date, Plaintiffs' identities have been confidential, and it is Plaintiffs' sincerest wish that it remains that way. Any public filing made by H.F., P.F. or D.F. has used a pseudonym. Plaintiffs have not made any public statements regarding the harm caused by Aroosh using their names. Plaintiffs' names are not known to the public at large in relation to the allegations of this Complaint and the family leads a private life. Above all else, the family does not wish to become locally – or more widely known – in this capacity as they fear it will inhibit the healing process. Eighth, as all parties are private individuals, there is very little public interest in their identities with respect to this litigation. Ninth, the issues involved are legal in nature. Tenth, Plaintiffs are not aware of any other mechanism to protect their reputation and confidentiality while also respecting the public's presumed right to access court documents.

### B. H.F.'s Protections Eviscerated if Parents Not Also Permitted to Proceed Pseudonymously

The DC District Court in *J.W. v. D.C.* explored the concept of offering pseudonym protections to minors while forcing parents to name themselves, concluding that while federal rules allowed parties to "reference minors only by their initials, it cannot be gainsaid that this protection would be 'eviscerated unless the parent was also permitted to proceed using initials'" J.W. v. District of Columbia, 318 F.R.D. 196, 199 (D.D.C. 2016). The court in J.W. emphasized the

12

"realities of today's technological landscape" stating that with "the onset of electronic case filing…any person may learn of a particular individual's lawsuit through a simple computer search that permits access to the electronic docket sheet of nearly any case…[making] Plaintiff's concerns…not 'speculative and nonsensical,' as [defendant] contents…Instead, Plaintiffs raise a particularized concern that the public could easily learn J.W.'s identity if his parents' names or address were disclosed" (Id.).  The court further held that "disclosure risks more than simple annoyance or criticism" but also would lead the public to minor plaintiff's "confidential education records, mental records, and personally identifiable information" (*Id.*).

　　In Va. State Conf. NAACP v. Cnty. Sch. Bd. Of Shenandoah Cnty., a Virgina federal court held that "when a parent files on behalf of a child who wishes to stay anonymous, their 'privacy interests are intractably intertwined'" and "[w]here courts find that 'release of parents' full names…could permit the public to easily learn the [minor child] student's identity, despite the use of the child's initials,' courts favor anonymity" Va. State Conference NAACP v. Cty. Sch. Bd. of Shenandoah Cty., No. 5:24-cv-040, 2025 LX 108631, at *6 (W.D. Va. Jan. 22, 2025).  A Kansas District Court mused that courts "grant heightened protection to child victims and have concluded that complaints involving abuse or harassment of minors may be highly sensitive and personal in nature." S.C. v. Lansing Unified

13

Sch. Dist. #469, No. 18-2228-DDC-JPO, 2019 U.S. Dist. LEXIS 47858, at *4 (D. Kan. Mar. 22, 2019).  In that case, the court held that "ordering disclosure of [the parent's] identity would place personally identifiable and confidential information about the alleged harassment of A.J., a minor, by her adult teacher in the public record…And so, disclosure of [the parent's] identity would affect A.J.'s privacy interests directly" and "these circumstances outweigh the public interest in disclosure of [the parent's] name" Id..  An Ohio federal court considered a young man's request for he and his father to proceed anonymously where he was the victim of sexual assaults, holding that "Junior has suffered a very public indignity, namely that one of the alleged sexual assaults was recorded and repeatedly shared among Junior's classmates" and "[t]he Court can see how forcing Junior into further publicity of these events could result in additional psychological harm" Doe v. St. Edward High Sch., No. 22-cv-440, 2022 U.S. Dist. LEXIS 123849, at *9 (N.D. Ohio July 13, 2022).

    While this case does not involve a disabled minor plaintiff like in J.W., it will necessarily involve his school records, mental health records, and other personally identifiable information.  Instead, like in Doe and S.C., H.F. was a victim of sexual abuse, namely sextortion, and, as in S.C. the facts demonstrate that H.F. "suffered a very public indignity" in that his abuse was disseminated to his classmates.  Both P.F. and D.F. confirm that, using only their names and a

14

search engine, any member of the general public could determine the true name of their son, H.F.  Accordingly, for all the reasons set forth above as well as in Plaintiffs' declarations, Plaintiffs should be allowed to proceed pseudonymously.

## CONCLUSION

Aroosh Patel sextorted no fewer than five minor high school boys, tricking the boys into believing they were interacting with a female peer, inducing them to send intimate content, and then demanding more and more content otherwise he would disseminate their content on a massive scale.  Falling victim to this scheme would be traumatic for someone any age but was especially devastating for young boys.  Despite the very real and humiliating consequences these boys experienced, H.F. was the only one brave enough to go to the police, the only reason why Aroosh was identified by police, and the only reason Aroosh is – hopefully – no longer victimizing other minors in this manner.  Forcing P.F. and D.F. to use their true names in this litigation will have the same effect as naming H.F.  H.F. has been through enough.

Plaintiffs should be permitted to continue to use a pseudonym and, if this motion is granted, should be allowed to litigate with some comfort that Defendants will not post H.F.'s intimate images or other identifying imagery or information onto the docket which would undermine an order permitting their use of pseudonyms.

Dated:     December 23, 2025

                                              Respectfully submitted

                                              <u>Daniel S. Szalkiewicz, Esq.</u>
                                              **Veridian Legal, P.C.**
                                              Daniel S. Szalkiewicz, Esq.
                                              23 West 73rd Street, Suite 102
                                              New York, New York 10023
                                              (212) 706-1007
                                              daniel@veridianlegal.com
                                              Attorneys for Plaintiffs