Daniel S. Szalkiewicz, Esq. (DS2323)
VERIDIAN LEGAL P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Attorneys for the Plaintiffs

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| D.F., P.F., individually, and as parents of H.F., and H.F., a minor,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>AROOSH PATEL, BHAWAR PATEL, and MITTAL PATEL<br><br>　　　　Defendants. | Case No. 25-cv-18932 |

**PLAINTIFFS' SUPPLEMENTAL BRIEF**

Plaintiffs H.F., P.F., and D.F. ("Plaintiffs"), by and through their attorneys, VERIDIAN LEGAL P.C. respectfully submit this memorandum of law in support of their application for leave for P.F. and D.F. to proceed under a pseudonym in this matter.

## ARGUMENT

When the Third Circuit Court of Appeals addressed the ability of a party to proceed anonymously in Doe v. Megless, it, of course, underlined "'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'" *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). The court confirmed, however, that parties may proceed anonymously when they are able to show "'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable'" and specified that "[e]xamples of areas where courts have allowed pseudonyms include cases involving 'abortion, birth control, transsexuality, welfare fights of illegitimate children, AIDS, and homosexuality.'" *Id.* The court then endorsed the non-exhaustive nine-factor test set forth in *Provident* in which factors supporting pseudonymity included:

> (1) The extent to which the identity of the litigant has been kept confidential;
> (2) The bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;
> (3) The magnitude of the public interest in maintaining the confidentiality of the litigant's identity;
> (4) Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities;
> (5) The undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and
> (6) Whether the party seeking to sue pseudonymously has illegitimate ulterior motives.
> *Id.* at 409.

Conversely, "factors disfavoring anonymity included:"
> (1) The universal level of public interest in access to the identities of litigants;
> (2) Whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and
> (3) Whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.
> *Id.*

**1. Plaintiffs' Identities have Largely been Kept Confidential**

This case presents a somewhat unusual situation in which H.F., as a minor, receives anonymity protections without the need for a court order. As a result, with regard to this factor, it is not relevant that Aroosh distributed H.F.'s intimate content, thus identifying him to a small but meaningful number of people, but rather whether H.F.'s Parents' identities have been kept

1

confidential. The answer to this is a resounding "yes." While H.F.'s Parents have privately managed the trauma inflicted upon themselves and their son by speaking with school officials, police officials, and therapists, this has all occurred in a private setting.

2. **The Basis for H.F.'s Parents Seeking Pseudonymity is to Protect their Minor Son**

The court in *Doe v. Megless* posed the question "what harm is the litigant seeking to avoid, and is the litigant's fear reasonable?" *Id.* at 410. H.F.'s parents seek to avoid causing further harm to their son as using their true names would have the effect of removing anonymity protections to which H.F. is rightly entitled under law as a minor and should receive under the law as a victim of image based sexual abuse. More specifically, 15 U.S.C. §6851 which pertains to civil actions relating to the disclosure of intimate images states that, among the relief available to such individuals in civil actions is (b)(3)(B) "Preservation of anonymity…In ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." Clearly, Congress understood a plaintiff's interest in not being a named party in a case in which he/she is a victim of nonconsensual pornography. More so, H.F.'s parents' declarations have set forth their reasonable basis for believing that identifying themselves would identify H.F. Both parents indicated they have a relatively uncommon last name and that simple Google searches of both their names result in images of them as well as their children among the top results. H.F. would lose protections he deserves if their names are included and yet H.F. is unable to proceed without them as he is a minor.

More so, the court in *Doe v. Megless* further mentioned that "[l]itigating publicly will not contribute further to the harm that [plaintiff] alleges has already occurred" reasoning that it would allow the plaintiff to clear his name. *Id.* The same cannot be said, here, where forcing H.F.'s Parents to name themselves and essentially "out" H.F. as Aroosh's victim would only cause H.F. and his parents further mental anguish and public humiliation, just as Aroosh intended.

3. **If H.F.'s Parents Must Identify Their Child to Provide Him with an Opportunity to Sue, Similarly Situated Parents and Children Will Avoid Suing**

For this element, the Third Circuit mused that "there is no allegation that falsely created suspicious persons alerts are a widespread problem in Upper Merion." *Id.* The same cannot be said here. The FBI issued a press release in 2024 warning parents, educators, caregivers, and children about sextortion[1]. Reports have indicated that one in seven young people in the United States have experienced sextortion[2]. The dissemination of intimate imagery of minors and sextortion is an issue in New Jersey[3][4][5][6]. If P.F.'s Parents must name themselves for their son to pursue a lawsuit against his abuser, similarly situated families will be placed in impossible situations where they can either seek justice and forever publicly label their child as a survivor of

---

[1] https://www.fbi.gov/contact-us/field-offices/nashville/news/sextortion-a-growing-threat-targeting-minors
[2] https://www.thorn.org/press-releases/new-data-reveals-the-devastating-toll-of-sextortion-on-kids/
[3] https://whyy.org/articles/teen-girls-victimized-deepfake-nudes/
[4] https://nj1015.com/nj-man-charged-with-sextortion-of-minor-met-on-gaming-app-cops-say/
[5] https://www.northjersey.com/story/news/2025/05/07/what-is-764-fbi-violent-online-sextortion-network-targeting-kids-teens-video-games-social-media/83491078007/?gnt-cfr=1&gca-cat=p&gca-uir=false&gca-epti=z110703p000850c000850d00----v110703&gca-ft=198&gca-ds=sophi
[6] https://www.wwnytv.com/2025/11/20/man-accused-using-internet-threaten-13-year-old-girl-convince-her-cut-herself/

image based sexual abuse or protect their child's future reputation and remain silent.

### 4. The Case is Minimally Fact Sensitive

The intricate details of *how* H.F. was victimized is of little import.  There is nothing H.F. could have done – even provide consent – which would have given Aroosh the right to disseminate intimate imagery of him as a minor.

### 5. The Public is Harmed When Victims Remain Silent

H.F. is a victim of image based sexual abuse which Aroosh inflicted on multiple individuals.  The public is harmed when matters like this are swept under the rug.  Victims do not see a path to resolution; they do not see that justice is possible.  Instead, they learn that if they want to stand up for themselves, they need to out themselves as victims of sex abuse, a stigma which will follow them around for the rest of their lives.  The details here are all the more scandalizing where H.F. unknowingly disclosed his images to and interacted with a man, despite being straight – a fact pattern which, when allowed to run rampant at in a high school setting has the propensity to lead to unnecessary bullying about sexual orientation.

### 6. H.F.'s Parents Do Not Have Ulterior wMotives for Proceeding Anonymously

H.F. was a victim of image based sexual abuse; Aroosh's apology letter and guilty plea makes that very clear.  H.F.'s parents have a desire to protect their son from forever identifying himself and connecting himself to Aroosh's disgusting acts; there can be no purer motive.

### 7.  There is a Universal Level of Public Interest in Identities of Litigants to be Public

There is a universal level interest in the openness of the dockets and identities of the parties involved; this will always be true.  However, in this instance, the law already protects minors and victims of image based sexual abuse; allowing H.F.'s parents to proceed furthers those goals.

### 8. There is No Heightened Interest in Knowing H.F.'s Parents' Identities

H.F.'s parents are not government officials; they are not public figures; they are normal civilians just trying to raise a family.

### 9. No One is Opposing Anonymity

 While Defendants are not currently opposing Plaintiffs' ability to proceed via pseudonym, given P.F.'s parents have conceded that they would not pursue this lawsuit if forced to indirectly out their son, one would surmise Defendants have an interest in this motion being denied.  More so, Aroosh's prior dissemination of H.F.'s intimate content supports a conclusion that he has nefarious interest in further dissemination of his private affairs.

## CONCLUSION

H.F.'s parents should be permitted to proceed using pseudonyms.

Dated: January 16, 2026

Respectfully submitted
Daniel S. Szalkiewicz, Esq.
Daniel S. Szalkiewicz, Esq.

3