**Einhorn, Barbarito, Frost, Botwinick, Nunn & Musammano, PC**
**4 Campus Drive**
**Suite 300**
**Attorney ID: 0006272006**
**Parsippany, NJ 07054**
**Telephone: 973-627-7300**
**Email: swolff@einhornlawyers.com**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY, VICINAGE OF NEWARK

| | |
|---|---|
| D.F. and P.F., individually and as parents of H.F., and H.F., a minor<br>Plaintiffs,<br>v.<br><br>Aroosh Patel, Bhawar Patel, and Mittal Patel,<br>Defendant | Case No: 2:25-cv-18932<br><br><br><br>ANSWER TO COMPLAINT FOR DAMAGES |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Aroosh Patel ("A. Patel"), Bhawar Patel, and Mittal Patel (collectively, "Defendants"), by and through undersigned counsel, hereby answer the Complaint as follows.

To the extent any allegation is not expressly admitted herein, it is denied.

Defendants respond to the sequentially numbered paragraphs of the Complaint below. Each "Count" is addressed with responses to its incorporated allegations and any additional allegations contained therein.

**Preliminary Statement (¶¶ 1-15)**

1-3. Denied.

4-7. Denied.

8-11. Denied.

1

Answer to Complaint for Damages
Case No: 2:25-cv-18932

12-13. Denied.

14-15. Denied.

## The Parties (¶¶ 16-20)

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the residence of H.F., and therefore deny the same.

17. Admitted that A. Patel is a citizen of New Jersey; otherwise denied.

18. Denied as stated; Defendants lack knowledge or information sufficient to form a belief as to future matriculation, and therefore deny the same.

19-20. Admitted only that Bhawar Patel is the father of A. Patel and that Mittal Patel is the mother of A. Patel; all remaining allegations are denied.

## Jurisdiction and Venue (¶¶ 21-25)

21. Paragraph 21 states legal conclusions to which no response is required; to the extent a response is required, Defendants deny that Plaintiffs have properly invoked federal question jurisdiction as to all claims and deny that all claims are cognizable under the statutes cited.

22. Paragraph 22 states legal conclusions to which no response is required; to the extent a response is required, Defendants do not contest venue in this District but deny any implication that venue is proper for all parties and claims.

23-25. Denied.

## Factual Allegations (¶¶ 26-133)

26-49. Denied.

50-63. Denied.

64-76. Denied.

77-86. Denied.

87-96. Denied.

97-106. Denied.

107-116. Denied.

117-126. Denied.

127-133. Denied.

### First Cause of Action - 15 U.S.C. § 6851 (¶¶ 134-139; Prayer ¶ 139)

134. Defendants repeat and incorporate by reference their responses to paragraphs 1-133 as if fully set forth herein.

135-139. Denied. Defendants further state that 15 U.S.C. § 6851 does not provide a private right of action against these Defendants and fails to state a claim upon which relief can be granted.

Relief Demanded as to First Cause of Action (¶ 22)

Denied.

### Second Cause of Action - Intentional or Reckless Infliction of Emotional Distress (¶¶ 140-152)

140. Defendants repeat and incorporate by reference their responses to paragraphs 1-139 as if fully set forth herein.

141-152. Denied.

### Third Cause of Action - Violation of N.J.S.A. 2A:58D-1 (¶¶ 153-158)

Answer to Complaint for Damages
Case No: 2:25-cv-18932

153. Defendants repeat and incorporate by reference their responses to paragraphs 1-152 as if fully set forth herein.

154-158. Denied.

**Fourth Cause of Action - Invasion of Privacy: Publicity Given to Private Life (¶¶ 159-169)**

159. Defendants repeat and incorporate by reference their responses to paragraphs 1-158 as if fully set forth herein.

160-169. Denied.

**Fifth Cause of Action - 18 U.S.C. § 2252(a) (¶¶ 170-174)**

170. Defendants repeat and incorporate by reference their responses to paragraphs 1-169 as if fully set forth herein.

171-174. Denied. Defendants further state that 18 U.S.C. § 2252 is a criminal statute that does not create a private right of action and fails to state a claim upon which relief can be granted.

**Sixth Cause of Action - N.J.S.A. § 2A:53A-15 (Parental Liability) (¶¶ 175-177)**

175. Defendants repeat and incorporate by reference their responses to paragraphs 1-174 as if fully set forth herein.

176-177. Denied.

**Seventh Cause of Action - Common Law "Seduction" (¶¶ 178-183)**

178. Defendants repeat and incorporate by reference their responses to paragraphs 1-177 as if fully set forth herein.

179-183. Denied.

**Eighth Cause of Action - Reckless Infliction of Emotional Distress upon P.F. and D.F. (¶¶ 184-193)**

184. Defendants repeat and incorporate by reference their responses to paragraphs 1-183 as if fully set forth herein.

185-193. Denied.

**Ninth Cause of Action - Liability Under N.J.S.A. § 2A:53A-17.1 (¶¶ 194-199)**

194. Defendants repeat and incorporate by reference their responses to paragraphs 1-193 as if fully set forth herein.

195-199. Denied.

**Tenth Cause of Action - Vicarious Liability of Bhawar and Mittal Patel (¶¶ 200-214)**

200. Defendants repeat and incorporate by reference their responses to paragraphs 1-199 as if fully set forth herein.

201-214. Denied.

**Eleventh Cause of Action - Aiding and Abetting by Bhawar and Mittal Patel (¶¶ 215-220)**

215. Defendants repeat and incorporate by reference their responses to paragraphs 1-214 as if

fully set forth herein.

216-220. Denied.

### Prayer for Relief (following ¶ 220)

Denied that Plaintiffs are entitled to any relief, including but not limited to damages, injunctive relief, attorney's fees, costs, interest, or any other relief whatsoever.

### Affirmative Defenses

Without assuming any burden of proof that would otherwise rest with Plaintiffs, and expressly reserving the right to assert additional defenses as discovery proceeds, Defendants assert the following affirmative and other defenses:

1. Failure to State a Claim. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted, including but not limited to claims purportedly arising under 15 U.S.C. § 6851 and 18 U.S.C. § 2252(a).

2. No Private Right of Action. One or more statutory claims asserted by Plaintiffs are predicated on statutes that do not provide a private right of action against these Defendants.

3. Lack of Subject-Matter Jurisdiction. To the extent Plaintiffs' federal statutory claims are deficient or not cognizable, the Court lacks subject-matter jurisdiction over the remaining claims.

4. Lack of Personal Jurisdiction and/or Improper Venue. To the extent applicable, Plaintiffs have not established personal jurisdiction over one or more Defendants or have pled claims for which venue is improper.

5. Insufficiency of Process and/or Service of Process. Service of process was insufficient and/or not effected in accordance with applicable rules.

6. Statutes of Limitation and Repose. Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitation and/or repose.

7. Failure to Mitigate. Plaintiffs failed to take reasonable steps to mitigate any alleged damages, barring or reducing any recovery.

8. Consent, Authorization, and/or License. Some or all of the conduct alleged occurred with consent, authorization, and/or license, negating liability.

9. Comparative Fault/Allocation of Fault. Any damages must be reduced or barred by the comparative, contributory, or allocated fault of Plaintiffs and/or third parties, including non-parties.

10. Intervening and Superseding Causes. Any alleged injury or damage was caused by intervening and/or superseding acts of third parties, for which Defendants are not responsible.

11. Lack of Causation. Plaintiffs cannot establish that Defendants' conduct was the cause-in-fact and proximate cause of the alleged injuries.

12. Standing and Real Party in Interest. One or more Plaintiffs lack standing and/or are not the real party in interest with respect to certain claims or remedies sought.

13. Economic Loss Doctrine. To the extent applicable, tort claims are barred or limited by the economic loss doctrine.

14. Constitutional and Statutory Limits on Damages. Claims for punitive, exemplary, liquidated, statutory, or multiple damages are barred or limited by the U.S. Constitution, the New Jersey Constitution, due process, the Excessive Fines Clause, and applicable statutes.

15. Injunctive Relief Not Warranted. Plaintiffs cannot establish the elements required for injunctive or equitable relief, including irreparable harm, inadequacy of legal remedies, balance of equities, and public interest.

16. Overbreadth and Vagueness. The injunctive relief sought is overbroad, vague, and unenforceable.

17. Unclean Hands, Estoppel, Waiver, and Laches. Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, waiver, and/or laches.

18. First Amendment/Privilege. To the extent applicable, alleged speech or conduct is protected and/or privileged.

19. No Vicarious or Aiding-and-Abetting Liability. Plaintiffs cannot establish the elements of vicarious, parental, or aiding-and-abetting liability under New Jersey law.

20. Lack of Knowledge/Intent. Plaintiffs cannot establish the requisite mental state, knowledge, willfulness, or intent for the claims alleged.

21. Damages are Speculative and Unapportioned. The damages sought are speculative, not reasonably certain, and/or not properly apportioned among alleged causes.

22. Setoff/Offset and Credit. Any recovery must be reduced by setoff, offset, and/or credits for amounts received from other sources.

23. Preemption/Conflict. To the extent applicable, state-law claims are preempted or conflict with federal law.

24. Due Process and Fair Notice. Imposition of liability or damages in the manner Plaintiffs seek would violate due process and fair notice principles.

25. Reservation of Defenses. Defendants expressly reserve the right to assert additional affirmative and other defenses as they become known through discovery, motion practice, or otherwise.

## Jury Demand

To the extent any issue is triable to a jury, Defendants demand a trial by jury on all such issues.

## Prayer for Relief

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiffs as follows:

1. Dismissing the Complaint with prejudice;
2. Denying all relief requested by Plaintiffs;
3. Awarding Defendants their costs as permitted by law; and
4. Granting such other and further relief as the Court deems just and proper.

                        EINHORN, BARBARITO, FROST, BOTWINICK,
                        NUNN & MUSMANNO, P.C.

By:_____
      STEVEN H. WOLFF, ESQ.
      Attorney ID #006272006
      4 Campus Drive, Suite 300
      Parsippany, New Jersey 07054
      973-627-7300
      Swolff@einhornlawyers.com

Dated: January 8, 2026

CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2026, I caused to be delivered via the method listed below the document to which this Certificate of Service is attached (plus any exhibits and/or attachments) to the following:

| Name and Address | Method of Delivery |
|---|---|
| Daniel S. Szalkiewicz, Esq. | ☒ CM/ECF System<br>☐ Electronic Mail<br>☐ U.S. Mail<br>☐ Other: _____ |

/s/*Steven H. Wolff, Esq*.

Steven H. Wolff

11

Answer to Complaint for Damages
Case No: 2:25-cv-18932