**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**CARI FAIS**
UNITED STATES MAGISTRATE JUDGE

FRANK R. LAUTENBERG POST OFFICE
AND U.S. COURTHOUSE
2 FEDERAL SQUARE,
NEWARK, NJ 07102
973-776-7862

**3/3/2026**

LETTER ORDER PURSUANT TO LOCAL CIVIL RULE 16.1

RE:  **D.F. et al v. PATEL et al**
**2:25-cv-18932-JKS-CF**

Dear Counsel:

An initial scheduling conference pursuant to Fed. R. Civ. P. 16 shall be conducted via video conference on **4/14/26 at 1:30 p.m**. before Magistrate Judge Cari Fais. Microsoft Teams login credentials shall be provided.

Counsel is advised that the early disclosure requirements of Fed. R. Civ. P. 26 will be enforced. Therefore, counsel shall immediately exchange the information set forth in Rule 26 (a) without a formal discovery request. Further, compliance with Local Civil Rule 26.1(d) concerning electronic discovery is expected and will be strictly enforced.

At least **fourteen (14) days** prior to the conference scheduled herein, counsel shall personally meet and confer pursuant to Fed. R. Civ. P. 26(f) and shall jointly submit a discovery plan to the undersigned not later than **five (5) business days** prior to the conference with the Court.  The parties shall submit a Joint Discovery Plan using the attached form available here.

At the conference, the Court will address scheduling of proposed motions. No motions are to be filed without written permission from the Court, except for motions in lieu of Answer under Fed. R. Civ. P. 12 and motions seeking remand that must be filed within thirty (30) days of removal under 28 U.S.C. § 1447(c). If any motions already have been filed, the movant shall file a letter immediately explaining the nature and purpose of the motion and its present status.

Requests for admission *pro hac vice* should be filed as motions and should indicate whether all parties consent to the admission.  Requests should also comply with Local Civil Rule 101.1(c) with regard to the contents of the proposed form of Order, the supporting certifications of local counsel, and each proposed *pro hac vice* attorney.

At the conference, all parties who are not appearing *pro se* must be represented by counsel who shall have full authority to bind their clients in all pretrial matters. Counsel shall also be prepared to discuss the merits of the case and shall have settlement authority. Clients or persons with authority over the matter shall be available by telephone. See L. Civ. R. 16.1(a).

1

Counsel for plaintiff(s) shall notify any party who hereafter enters an appearance of the above conference and forward to that party a copy of this Order.

The parties must advise this Court immediately if this action has been settled or terminated so that the above conference may be canceled.

Failure to comply with the terms of this Order may result in imposition of sanctions.

**SO ORDERED this 3rd day of March 2026.**

_s/ Cari Fais_
Hon. Cari Fais
United States Magistrate Judge

Orig:   Clerk
cc:      Counsel of Record

2

## ALTERNATIVE DISPUTE RESOLUTION IN THE
## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Mediation is the Alternative Dispute Resolution (ADR) program in this Court. Mediation is governed by Local Civil Rule 301.1.  The mediation program under this rule is supervised by a judicial officer (at present United States Magistrate Judge Leda Dunn Wettre) who is available to answer any questions about the program.

Any district judge or magistrate judge may refer a civil action to mediation.  This may be done without the consent of the parties.  However, the Court encourages parties to confer among themselves and consent to mediation.  Moreover, you are reminded that, when counsel confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, one of the topics that must be addressed is the eligibility of a civil action for participation in ADR.

A civil action may be referred to mediation at any time.  However, one of the advantages of mediation is that, if successful, it enables parties to avoid the time and expense of discovery and trial.  Accordingly, the Court encourages parties to consent to mediation prior to or at the time that automatic disclosures are made pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator.  If a civil action is referred to mediation without consent of the parties, the judicial officer responsible for supervision of the program will select the mediator.

Mediation is non-judgmental.  The role of the mediator is to assist the parties in reaching a resolution of their dispute.  The parties may confer with the mediator on an ex parte basis. Anything said to the mediator will be deemed to be confidential and will not be revealed to another party or to others without the party's consent.  The mediator's hourly rate is $300.00, which is borne equally by the parties.

If you would like further information with regard to the mediation program please review the Guidelines for Mediation, which are available on the Court's Web Site **www.njd.uscourts.gov** and appear as Appendix Q to the Local Civil Rules.  You may also make inquiries of the judicial officer responsible for supervision of the program.

3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
|  | : |
|  | :   Civil Action No. |
|  | : |
| Plaintiff(s) | :   Hon. |
|  | : |
|  | : |
| v. | :   **JOINT PROPOSED DISCOVERY PLAN** |
|  | : |
|  | : |
|  | : |
| Defendant(s) | : |
|  | : |
|  | : |

1.      Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

2.      Set forth a brief description of the case, including the causes of action and defenses asserted.

3.      Have settlement discussions taken place?  Yes _____ No _____

(a)    What was plaintiff's last demand?

      (1)    Monetary demand: $ _____
      (2)    Non-monetary demand: _____

(b)    What was defendant's last offer?

      (1)    Monetary offer:  $ _____
      (2)    Non-monetary offer: _____

4.      The parties [have _____ have not _____] met pursuant to Fed. R. Civ. P. 26(f):

5.     The parties [have _____ have not _____] exchanged the information required by
Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefor.

6.     Explain any problems in connection with completing the disclosures required by Fed
R. Civ. P. 26(a)(1)

7.     The parties [have _____ have not_____] filed disclosures of third-party
litigation funding.  See Local Civil Rule 7.1.1.

8.     The parties [have _____ have not _____] conducted discovery other than
the above disclosures.  If so, describe.

9.     Proposed discovery plan:

     (a)     Discovery is needed on the following subjects:

     (b)     Discovery [should _____ should not _____] be conducted in phases
or  be limited to particular issues.  Explain.

     (c)     Proposed schedule:

          (1)     Service of Fed. R. Civ. P. 26 initial disclosures by _____.

          (2)     E-Discovery conference pursuant to L. Civ. R. 26.1(d) to be held by
_____.

          (3)     Service of initial written discovery requests by _____.

          (4)     Maximum of _____ Interrogatories by each party to each other party.

          (5)     Maximum of _____ depositions to be taken by each party.

          (6)     Motions to amend or to add parties to be filed by _____.

          (7)     Factual discovery to be completed by _____.

          (8)     Plaintiff's expert report due on _____.

          (9)     Defendant's expert report due on _____.

          (10)     Expert discovery, including all expert depositions, to be completed by

3

_____ .

     (11)    Dispositive motions to be served within _____days of completion of discovery.

     (12)    Set forth any special discovery mechanism or procedure requested.

9.     Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes _____No_____. If so, please explain.

10.     Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes _____No _____.

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11.     Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

12.     Do you anticipate any discovery problem(s) not listed above? Describe. Yes _____No _____.

13.     State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

14.     Is this case appropriate for bifurcation? Yes _____No _____

15.     An interim status/settlement conference (with clients in attendance), should be held in

_____ .

16.     We [do _____do not _____] consent to the trial being conducted by a Magistrate Judge.

17.     Identify any other issues to address at the Rule 16 Scheduling Conference.

_____

Attorney(s) for Plaintiff(s) / Date

_____

Attorney(s) for Defendant(s) / Date