## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| D.F., P.F., individually and as parents of H.F. and H.F., a minor, | : Civil Action No. 25-cv-18932-JKS-CF |
| Plaintiff(s) | : Hon. Cari Fais |
| v. | : **JOINT PROPOSED DISCOVERY PLAN** |
| Aroosh Patel, Bhawar Patel, and Mittal Patel | : |
| Defendant(s) | : |

1.    Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

Daniel Szalkiewicz, Veridian Legal P.C. 23 W. 73rd Street, 102 New York, NY 10023 (212)7061007 (646) 849-0033

Steven Wolff, Einhorn Babarito Frost Botwinick Nunn & Mussmano PC 4 Campus Drive, Suite 300 Parsippany, NJ 07054 973-627-7300, 973-627-2858

2.    Set forth a brief description of the case, including the causes of action and defenses asserted. Sharing of CSAM.

3.    Have settlement discussions taken place?  Yes  X_____  No _____

   (a)    What was plaintiff's last demand?

      (1)    Monetary demand: $ N/A_____

      (2)    Non-monetary demand: N/A_____

   (b)    What was defendant's last offer?

      (1)    Monetary offer:  $ N/A_____
      (2)    Non-monetary offer: N/A_____

4.    The parties [have X_____ have not _____] met pursuant to Fed. R. Civ. P. 26(f).

1

5.    The parties [have _____ have not  X _____ ] exchanged the information required by Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefor. _____

6.    Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1). _None_____

7.    The parties [have  X _____ have not_____] filed disclosures of third-party litigation funding.  See Local Civil Rule 7.1.1.

8.    The parties [have _____ have not  X _____] conducted discovery other than the above disclosures.  If so, describe._____

9.    Proposed joint discovery plan:

    (a)    Discovery is needed on the following subjects: _liability and damages._____

    (b)    Discovery [should _____ should not  X _____] be conducted in phases or be limited to particular issues.  Explain: _____

    (c)    Proposed schedule:
      (1)    Fed. R. Civ. P. 26 Disclosures _May 5 2026____.
      (2)    E-Discovery conference pursuant to L. Civ. R. 26.1(d) _May 21, 2026_____.
      (3)    Service of initial written discovery _May 28, 2026____.
      (4)    Maximum of _25__ Interrogatories by each party to each other party.
      (5)    Maximum of _5__ depositions to be taken by each party.
      (6)    Motions to amend or to add parties to be filed by _July 31 2026____.
      (7)    Factual discovery to be completed by _December 31, 2026_____.
      (8)    Plaintiff's expert report due on _February 14, 2027_____.
      (9)    Defendant's expert report due on _March 14, 2027_____.
      (10)   Expert depositions to be completed by _April 14, 2027_____.
      (11)   Dispositive motions to be served within _60__ days of completion of discovery.

    (d)    Set forth any special discovery mechanism or procedure requested.
_Protective Order and Protocol for CSAM_____

2

(e)    A pretrial conference may take place on _____.

(f)    Trial date: _____ (_____Jury Trial; _____ Non-Jury Trial).

10.    Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes _x__ No ____. If so, please explain __Discovery will necessarily include production of Child Sex Abuse Material__. possession and dissemination of which is against is outlawed without exceptions for attorneys.

11.    Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes _x_____ No _____.

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.
_____

12.    Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S _Yes_____.

13.    Do you anticipate any discovery problem(s) not listed above? Describe. Yes _____ No _X_____.

14.    State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.) _to be determined_____.

15.    Is this case appropriate for bifurcation? Yes _x_____ No _____

16.    An interim status/settlement conference (with clients in attendance) should be held in
_____.

17.    We [do _x_____ do not _____] consent to the trial being conducted by a Magistrate Judge.

18.    Identify any other issues to address at the Rule 16 Scheduling Conference.
_None._____

_____
Attorney(s) for Plaintiff(s) / Date

_____
Attorney(s) for Defendant(s) / Date